MACK MILLER *v*. THE STATE.

1. HABEAS CORPUS.—When, after indictment found, there has been an investigation on *habeas corpus*, and an order made remanding the party to custody or admitting him to bail, and there has been an appeal from the decision of the judge or court below upon the first application, the applicant is not entitled again to the writ.

2. HABEAS CORPUS.—The provision for obtaining the writ a second time, where important testimony has been obtained since the first investigation does not apply when there has been an appeal from the first application. (Paschal's Dig., arts. 2640, 2642–2643.)

Appeal from criminal court of Paris. Tried below before the Hon. J. Q. Chenoweth.

This was a proceeding under *habeas corpus* to reduce the amount of bail bond, after the amount had been before fixed by this court on appeal and after indictment found. The proceeding was dismissed, on the ground that this court had once granted bail and fixed the amount. This action was excepted to and appealed from.

*Maxey, Lightfoot & Gill.*

*A. J. Peeler, Assistant Attorney General,* referred to arts. 2642 and 2643, Paschal's Digest, and cited *ex parte* Hibbler, decided at Austin term, 1875.

Reeves, Associate Justice.—It appears from the record in this cause that the District Court dismissed appellant's writ of *habeas corpus* because the Supreme Court had once granted bail and fixed the amount of the bond, on appeal from the judgment of the District Court refusing bail to appellant. To this action of the court appellant excepted, and has brought the case before this court a second time.

It was agreed in writing by the district attorney and the attorneys for the applicant that the transcript of the record on file in this court in the same case on the former appeal should be used in evidence on the present appeal on the trial in this court. The case was decided at Galveston at the last term and the transcript is not before this court.

It appeared on the trial of the first application for bail before the District Court that Provine, who was jointly indicted with appellant, was admitted to bail in the sum of seven thousand five hundred dollars, and that bail was denied to appellant. From that decision he alone appealed, and the case was submitted upon the facts contained in the record and the law arising upon it.

The amount of bail required of the other defendant in the indictment being shown by the record, by analogy it

was applied by this court to appellant, there being no other guide furnished by the record.

The Code of Procedure requires that the transcript shall contain all the testimony offered on the trial, and that the appeal shall be heard upon the facts and the law arising upon the record. (Paschal's Dig., arts. 3220, 3221.)

The question, then, is, did the District Court err in dismissing the writ of *habeas corpus* on the second application, there having been an appeal to this court from the decision of the district judge upon the first application?

It will be observed that the application for bail was after indictment found.

In such case, where there has been an investigation on *habeas corpus* and an order made remanding the party to custody or admitting him to bail, and there has been an appeal from the decision of the District Court or judge upon the first application, the applicant is not entitled to the writ.

The provision for obtaining the writ a second time, where important testimony has been obtained since the first investigation, does not apply where there has been an appeal from the first application. (Arts. 2640, 2642, 2643.)

By another provision of the code: "The judgment of the Supreme Court in appeals, under *habeas corpus*, shall be final and conclusive, and no further application in the same case can be made for the writ." (Code Crim. Procedure, art. 3225.)

As regards the judgment rendered on the hearing of the first application, and the amount of bail, it may be observed further that the code requires that the judgment of this court shall be certified to the sheriff, if the party is in his custody, and that the bail-bond may be executed before him. (Art. 3229.) The amount of the bail is to be regulated by the court, and is a necessary incident to the judgment on *habeas corpus*. (Bill of Rights, section 9;

art. 2740 of the code.) Until the amount of bail is fixed by the court in a capital felony the sheriff cannot take bail. (Arts. 2897, 2899.)

There being no error in the judgment, it is affirmed.

AFFIRMED.